TITCOMB *versus* WOOD.

38  561
85  219

A sale of personal property in exchange for that which is *stolen,* is not *ipso facto* void, but is voidable at the option of the vendor, as between him and the fraudulent vendee, and those claiming under him with notice.

But when *such fraudulent vendee* has transferred *the property* to a *bona fide* purchaser for a *lawful consideration,* the vendor can no longer reclaim it or its value from such innocent purchaser.

And when the consideration of such subsequent sale, was in part for a pre-existing debt, and *in part* for the value of property which had been previously *stolen* by the *fraudulent vendor,* it cannot be impeached.

ON FACTS AGREED.

TROVER for a watch of the value of $25.

The plaintiff was a dealer in watches and jewelry, and in Dec. 1852, was the owner of the gold watch alleged to be converted by defendant.

On that day, one M'Clure, representing himself to be the owner of a silver watch, proposed an exchange for the *gold* one with one of plaintiff's clerks. The trade was perfected.

The silver watch had been stolen by M'Clure, and the. owner subsequently obtained it of plaintiff.

M'Clure turned out the *gold* watch to defendant in payment for goods which he had formerly purchased of him, and in part for goods stolen from him.

The parties to this suit were ignorant of the fraud of M'Clure.

Defendant refused to give up the gold watch to plaintiff.

The case was submitted to the decision of the full Court.

*Morrison & Humphrey,* for defendant.

1. The vendor could have annulled the sale and reclaimed the watch while it remained with the vendee; but not after it had passed to a *bona fide* purchaser. 15 Mass. 156; 2 Pick. 184; 12 Pick. 307; 2 Fairf. 227; 33 Maine, 202.

2. Was the defendant an innocent purchaser? This is made certain by the facts agreed.

3. The consideration of the purchase was legal. It was not for an antecedent debt *alone;* though that may be good

where there is no collusion. Am. Lead. Cases, vol. 2, p. 154. That was only a part of the consideration. M'Clure had previously stolen goods from defendant. Such goods were the absolute property of defendant. And these were in effect sold to M'Clure. The defendant parted with his *property* in them, for the watch. Neither part of the consideration is *illegal*, and if one part should be deemed insufficient, the sale must still be allowed to stand. *Gilbert* v. *Hudson*, 4 Greenl. 345.

*J. E. Godfrey*, for plaintiff.

A purchaser of goods from one who has obtained them by fraud has no title against the party defrauded, unless he pays for them at the time of the purchase. It cannot be upheld if the consideration is an *antecedent debt*. 20 Johns. 651; 13 Wend. 570; 4 Mass. 404; 15 Mass. 156; 4 Maine, 345.

When one of two innocent persons must suffer, the loss must fall on him who would suffer least in the whole transaction. In the case at bar *no value was paid for the watch at the time defendant received it.*

HOWARD, J. — M'Clure acquired the gold watch by exchange of watches with the plaintiff's clerk, whose authority is not disputed. The transaction was consummated by a transfer of goods for goods, and constituted a sale of the property in question. But, as the watch then delivered to the plaintiff's clerk by M'Clure, had been stolen by him from another person, neither he, nor the plaintiff, acquired any title to it; and it remained the property of the true owner from whom it had been feloniously taken. A felon has no right to stolen property, and can transmit no right to it to another.

The stolen watch was represented by M'Clure to be his property, but it was subsequently reclaimed and taken by the owner. The attempted sale of it was fraudulent, and rendered the purchase of the gold watch from the plaintiff a fraudulent transaction. Yet the sale to M'Clure was not

Titcomb *v.* Wood.

void *ipso facto,* but was voidable at the option of the vendor, as between him and the vendee, and those claiming under him with notice of the fraud. *Parker* v. *Patrick,* 5 T. R. 175; Poth. on Oblg. Pt. 1, c. 1, § 1, Art. 3, No. 29; *Ditton* v. *Randall,* 33 Maine, 202; *Mowrey* v. *Walsh,* 8 Cow. 238; *Rowley* v. *Bigelow,* 12 Pick. 307; *Oriental Bank* v. *Haskins,* 3 Met. 332.

It appears that the defendant, ignorant of the fraud upon the plaintiff, purchased the gold watch of M'Clure, *bona fide.* The consideration for the purchase was the discharge at the time of a prior indebtedness, and the value of goods previously stolen from him by M'Clure. The discharge of a preëxisting debt, if it existed prior to the fraudulent purchase, it has been held, would not constitute a sufficient consideration to sustain the sale to the second purchaser, as against the first vendor who had been defrauded in the sale of the property. Whether such doctrine can now be maintained, without qualification, is not material in the view taken of the case before us. Here the defendant, being the owner of stolen property, with his right and title unimpaired by the felony, transferred it to M'Clure for the property in question, in part payment, at least. This constituted a valuable consideration for his purchase, given at the time. Thus it appears that he was a purchaser of the gold watch, *bona fide,* for a valuable consideration, and without notice of the fraud by which his vendor acquired it. This gives him a superior equity, and a better right, and enables him to hold the property against the defrauded vendor. *Buller* v. *Harrison,* Cowp. 565; *Root* v. *French,* 13 Wend. 570, 572. *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.